UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------

|  |  |  |
|---|---|---|
| LARRY CLAGGETT, | : | CASE NO. 1:19CV0015 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. 1, 2, 3] |
| WARDEN ERIC IVEY, et al., | : | |
| Respondents. | : | |

-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Larry Claggett filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 against the Warden of the Cuyahoga County Corrections Center ("CCCC"), Eric Ivey[1] and Sheriff Clifford Pinkney.[2] Claggett, a pretrial detainee, claims that he brings this Petition as a class action[3] concerning the conditions of confinement at the CCCC.[4] For relief, he seeks 3 million dollars.

Claggett moves to proceed with this action in forma pauperis,[5] and that motion is granted.

For the reasons that follow, this action is dismissed.

---

[1] Doc. 1.
[2] Petitioner amended this action for the sole purpose of adding Sheriff Clifford Pinkney. Doc. 3.
[3] *Pro se* prisoners may not serve as class representatives, and Claggett's claims are restricted to alleged violations of his own rights. See *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001) (citation omitted). In addition, the memorandum supporting the Petition is signed by Claggett and two other prisoners, but the Petition is signed only by Claggett and only Claggett sought to proceed with this matter in forma pauperis. Therefore, the Court will recognize Claggett as the Petitioner in this action, and any claims brought on behalf of others are dismissed.
[4] Doc. 1-2.
[5] Doc. 2.

Case No. 1:19CV0015
Gwin, J.

**A. Background**

In the Petition and memorandum in support, Claggett does not challenge the legality or duration of his confinement, but the conditions of his confinement. He alleges that the food service at CCCC is not sanitary, there is mold in the showers, and that the physical facility is deteriorated. He also claims that CCCC's administration is not responsive to kites, inmate mail is tampered with, and inmate conversations with counsel are recorded. Petitioner alleges that prisoners do not receive proper medical care, and the inmates suffer mental and physical abuse at the hands of CCCC staff.[6]

**B. Law and Analysis**

The Court is required to award an application for a writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto."[7] For any federal habeas petitioner, "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner."[8] If the applicant is not entitled to relief, the petition will be dismissed.[9]

Under § 2241, claims challenging the execution or manner in which the applicant's sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian.[10] The Court has personal jurisdiction over the Warden and Sheriff.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.

---

[6] Doc. 1-2.
[7] 28 U.S.C. 2243.
[8] *Dodge v. Johnson* 471 F.2d 1249, (6th Cir.1973) (internal quotation marks and citations omitted).
[9] See 28 U.S.C. § 2243.
[10] 28 U.S.C. § 2241.

Case No. 1:19CV0015
Gwin, J.

Ed. 2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.'"[11] "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."[12]

Here, Petitioner seeks monetary relief related to the conditions of his confinement and does not challenge the length or duration of his imprisonment. Challenges to conditions of a prisoner's confinement, not the fact or length of his custody, are best addressed in a civil rights action under 42 U.S.C. § 1983.[13] Petitioner has not asserted any claims suggesting that he is entitled to habeas relief pursuant to § 2241.

### C. Conclusion

For all the foregoing reasons, the Petition for a Writ of Habeas Corpus brought under 28 U.S.C. § 2241 is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 19, 2019       s/   James S. Gwin
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[11] *Muhammad v. Close,* 540 U.S. 749, 750 (2004).
[12] *Preiser,* 411 U.S. at 500.
[13] *See id.* at 499 ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *Okoro v. Scibana,* 201 F.3d 441 (Table) (6th Cir. 1999) (Affirming district court's dismissal of petitioner's conditions of confinement claim "because it is not the type of claim that should be brought in a habeas corpus petition, which is designed to test the legality or duration of confinement.") (citation omitted).